IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| CAPTAIN D'S, LLC, ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Mr. Terrence McGarr who has been adversely affected by such practices. The Commission alleges that Defendant, Captain D's, LLC ("Captain D's") failed to reasonably accommodate Mr. McGarr's sincerely held religious belief that he could not work on his Sabbath and discharged him because of his religion, Seventh Day Adventist.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-e5(f)(1) and 3.

4. At all relevant times, Defendant Captain D's, was a Tennessee corporation doing business in the State of Tennessee and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Terrence McGarr filed a charge with the Commission alleging that Captain D's engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately December 2005, Defendant Employer has engaged in unlawful employment practices at its Dickerson Pike restaurant located in Nashville, Tennessee in violation of Section 703, 42 U.S.C. Section 2000e-2(a)(1).

8. The unlawful employment practices involved refusing to accommodate Mr. McGarr's sincerely held religious beliefs and terminating his employment because he refused to work on his Sabbath.

9. Terrance McGarr, then 17 years old, was hired by Defendant Employer as a team member on or around September 18, 2005.

10. When hired, Mr. McGarr advised the store manager that he was a practicing Seventh Day Adventist.

11. As a practicing Seventh Day Adventist, he would not be able to work on his Sabbath.

12. During his tenure at Captain D's, Mr. McGarr did not work on his Sabbath.

13. On December 31, 2005, a Saturday, Mr. McGarr was scheduled to work on his Sabbath.

14. Mr. McGarr called Defendant and advised that he could not break his Sabbath to work but would be available to work after his Sabbath.

15. The shift manager refused to accommodate Mr. McGarr's sincerely held religious beliefs.

16. The shift manager told Mr. McGarr not to come in unless he reported during his Sabbath time.

17. Mr. McGarr did not work on his Sabbath.

18. When Mr. McGarr reported to work on Sunday, January 1, 2006, the Shift Manager discharged him for not reporting to work during his Sabbath as scheduled on December 31, 2005.

19.     The practices complained of above are in violation of §§ 701(j) and 703(a) of Title VII, as amended, 42 U.S.C. § 2000e(j) and 42 U.S.C. 2000e-2(a)(1).

20.     The effect of the practices complained of above has been to deprive Mr. McGarr of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

21.     The unlawful employment practices complained of above were and are intentional.

22.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Terrence McGarr.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates because of religion.

B.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with sincerely held religious beliefs which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Mr. McGarr by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other

affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to rightful place hiring.

D. Order Defendant to make whole Mr. McGarr by providing compensation for pecuniary losses in an amount to be determined at trial.

E. Order Defendant to make whole Mr. McGarr by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

F. Order Defendant to pay punitive damages to Mr. McGarr for its malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Faye A. W.*
**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

By permission
*/s/ Sally Ramsey (FAW)*
**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105