IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) 3:07-0599 ) |
| CAPTAIN D'S, LLC, | ) JURY TRIAL DEMAND ) Judge Haynes |
| Defendant. | ) ) |

## CONSENT DECREE

### INTRODUCTION

This civil action was instituted by the Equal Employment Opportunity Commission (the "Commission") against Captain D's, LLC., pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, et seq., and Title I of the Civil Rights Act of 1991, to remedy the unlawful employment practices alleged in the Complaint filed on May 31, 2007. The Complaint alleged that Captain D's, LLC, failed to reasonably accommodate Mr. Terrence McGarr's sincerely held religious belief that he could not work on his Sabbath and discharged him because of his religion, Sabbath Keepers.

Defendant denies that it discriminated against Terrence McGarr and denies that it failed to reasonably accommodate his religious belief. The Commission and Captain D's, LLC have agreed to this Consent Decree to settle all of the claims involved in this lawsuit. This Consent Decree does not constitute an admission by the Defendant of the allegations in the complaint. The parties to this action desire to avoid the additional

expense and delay in the litigation of this case.

In the event this Consent Decree is not approved or does not become final, it shall not be admissible in evidence in any subsequent proceeding in this action.

This Decree constitutes the complete and exclusive agreement between the Commission and Captain D's, LLC with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties hereto, other than those recited or referenced in this Decree.

The Court has reviewed the terms of this Consent Decree in light of the applicable laws and regulations, the representations of counsel for all parties, and hereby approves the Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

## I. JURISDICTION

The United States District Court for the Middle District of Tennessee, at Nashville, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

## II. SCOPE OF DECREE

A. This Consent Decree resolves all issues and claims arising out of the Commission's Complaint in this case, Civil Action No. 3:07-0599, alleging unlawful employment practices by Defendant based on Charge No 494-2006-00531 filed by

2

Terrence McGarr. This Consent Decree shall not be considered in any manner to be dispositive of any other charge which is or may be pending before any office of the Commission other than Charge No. 494-2006-00531.

B. The provisions of this Consent Decree shall be effective and binding upon the parties to this action for two (2) years after the date of its entry by the Court or until each term has been fulfilled, whichever event occurs last.

## III. INJUNCTIVE RELIEF

A. Defendant, its officers and employees are enjoined from discriminating against any employee on the basis of religion pursuant to Title VII of the Civil Rights Act of 1964, as amended.

B. Defendant, its officers and employees are enjoined from retaliating against any employee or applicant for employment for participating in any proceeding under Title VII or for opposing discriminatory employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

C. Captain D's will amend its current policy on Discrimination, Harassment and Retaliation to provide instructions for the request and accommodation of a sincerely held religious belief.

## IV. TRAINING

A. Within one hundred eighty (180) days after the date of the entry of this Consent Decree, Defendant shall provide a two-hour training program for the current Restaurant Manager, General Manager and Area Brand Operator responsible for the Dickerson Pike restaurant regarding Title VII of the Civil Rights Act of 1964, including

3

religious discrimination; how to prevent, identify and remedy religious discrimination; what constitutes reasonable accommodation for religion; what constitutes retaliation in violation of Title VII.

B.   Within thirty (30) days of the completion of the course referred to in IV. A. above, Defendant will provide to the Commission evidence of the training and the names, titles, and signatures of all persons in attendance. This information shall be mailed to counsel for Plaintiff.

## V.  INDIVIDUAL RELIEF

A.   Defendant agrees to pay Terrence McGarr $1,060.00 backpay, less applicable payroll taxes, and $10,000.00 in compensatory damages.

B.   Within 21 days of the entry of this decree, Defendant shall mail a check to Terrence McGarr at the following address:

>   1203 Meridian Street
>   Nashville, TN  37207

Defendant shall also mail a copy of the check to:

>   Sally Ramsey, Senior Trial Attorney
>   Equal Employment Opportunity Commission
>   50 Vantage Way, Suite 202
>   Nashville, Tennessee 37228

## VI.  NOTICE

Defendant shall continue to conspicuously post at its Nashville, TN facilities, the notice (poster) required to be posted by Title VII. In addition, Defendant shall post at its 3021 Dickerson Pike, Nashville, TN, facility, in a location conspicuous and accessible to all applicants and employees, the Notice attached to this Decree as Exhibit A, for a

4

period of two years, commencing within ten days after entry of this Decree by the Court.

## VII. COSTS

Each of the parties shall bear its own costs and attorneys fees.

IT IS SO ORDERED THIS __13th__ DAY OF __February__ 2009.

_____
WILLIAM J. HAYNES, Jr.
U.S. District Court Judge

5